**Sucha SINGH, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**No. 04–72173.**

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.\*\*

Decided June 22, 2005.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Samuel Maina, Law Offices of S. Ouya Maina, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Russell J.E. Verby, Esq., DOJ—U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

### MEMORANDUM ***

Sucha Singh, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals ("BIA"), summarily affirming an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review an adverse credibility finding for substantial evidence, and reverse only if the evidence compels a contrary conclusion. *See Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir. 2004). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility finding due to inconsistencies in Singh's application regarding his political involvement. For instance, the IJ identified significant inconsistencies between Singh's declaration, in which he stated that he actively fought against the Terrorism and Destructive Activities Act ("TADA"), his interview with an asylum officer, at which he stated that he did not know what TADA stood for, and his hearing testimony, in which he testified that the TADA actually helps Sikhs. These inconsistencies go to the heart of Singh's claim because his activism against the TADA formed the basis of his alleged persecution. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001).

Furthermore, the record substantially supports the IJ's finding that,

even if Singh had suffered past persecution, there has since been a change in country conditions in India. Singh waived any challenge to this finding by failing to raise it before the BIA or this court. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1260 (9th Cir.1996).

Because Singh did not testify credibly, he did not establish eligibility for asylum. *See Mejia–Paiz v. INS*, 111 F.3d 720, 723 (9th Cir.1997). It follows that he failed to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

We do not consider Singh's CAT claim because he failed to exhaust this issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.